**FILED**
**United States Court of Appeals**
**Tenth Circuit**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**November 26, 2024**

**FOR THE TENTH CIRCUIT**
_____

**Christopher M. Wolpert**
**Clerk of Court**

GRACE SMITH; ANDY SMITH; ERIN
SMITH,

    Plaintiffs - Appellants,

v.

No. 23-8072

ALBANY COUNTY SCHOOL
DISTRICT NO. 1 BOARD OF
TRUSTEES; JANICE MARSHALL, in
both her individual and official capacities
as Chairman for the Board of Trustees for
Albany County School District No. 1;
NATE MARTIN, in both his individual
and official capacities as Trustee for the
Board of Trustees for Albany County
School District No.1; KIM SORENSON, in
both his individual and official capacities
as Trustee for the Board of Trustees for
Albany County School District No. 1;
EMILY SIEGEL-STANTON, in both her
individual and official capacities as Trustee
for the Board of Trustees for Albany
County School District No. 1; BETH
BEAR, in both her individual and official
capacities as Trustee for the Board of
Trustees for Albany County School District
No. 1; LAWRENCE PAREA, in both his
individual and official capacities (and/or
his successor(s) in their official capacity)
as Trustee for the Board of Trustees for
Albany County School District No. 1; DR.
JUBAL YENNIE, Ed.D., in both his
individual and official capacities (and/or
his successor(s) in their official capacity)
as Superintendent of Albany County

School District No. 1; JEFF LEWIS, in both his individual and official capacities (and/or his successor(s) in their official capacity) as Principal of Laramie High School,

    Defendants - Appellees.

_____

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 2:23-CV-00159-NDF)**

_____

Randy B. Corporon, Law Office of Randy B. Corporon, P.C., Aurora, Colorado, for Plaintiffs-Appellants.

Eric D. Hevenor (L. Kathleen Chaney with him on the briefs), Lambdin & Chaney, LLP, Denver, Colorado, for Defendants-Appellees.

_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

After the Albany County School District No. 1 Board of Trustees (the Board) imposed a COVID-19 indoor-mask mandate at Laramie High School (LHS), Grace Smith, a high-school junior, was repeatedly suspended from school because of her refusal to comply with the mandate and then was arrested for trespassing on school grounds. Her parents, Andy and Erin Smith, individually and as parents of a minor, filed suit for damages in the United States District Court for the District of Wyoming against the members of the Board, the superintendent of schools, and the LHS principal. The suit alleged violations of Grace's rights under the United States Constitution and violations of

Page **2**

the rights of Grace and her parents (collectively, the Smiths) under Wyoming law. The district court dismissed the federal-law claims for lack of jurisdiction on the ground that Grace did not suffer an injury in fact necessary for standing; it then declined to exercise supplemental jurisdiction over the state-law claims. Reviewing the dismissal *de novo*, *see Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020), we reverse and remand for further proceedings.[1]

## BACKGROUND

The parties do not dispute the following facts on appeal: The Board imposed its mask mandate in September 2021. Students who did not wish to comply with the mandate were allowed to attend virtual classes. Grace opposed the mandate. She carried signs in front of the school, organized a walkout of some 80 students and 30 parents, and repeatedly refused to wear a mask. As punishment, LHS imposed two-day suspensions from school on three separate occasions. After the second and third suspensions, LHS asked local law enforcement to issue Grace a citation for trespassing when she refused to leave school grounds. On the third occasion, police officers arrested and handcuffed her, drove her to the police station, booked her for trespassing, and then released her to her father. On October 13, 2021, Grace withdrew from school.

The Smiths filed suit in Wyoming state court. The complaint asserted that (1) the

---

[1] Grace Smith reached the age of majority after the complaint was filed. She is now a party to this case in her own right. We amend the caption accordingly. *See Russell v. Richardson*, 905 F.3d 239, 245 n.3 (3d Cir. 2018) (adopting similar approach).

mask mandate violated Grace's First Amendment right to free speech by compelling her "to utter what was not in her mind," Aplt. App. at 30 (cleaned up); (2) the defendants violated the First Amendment by retaliating against her for her speech and expressive conduct; and (3) the defendants violated her Fourteenth Amendment right to due process in enacting the mask mandate and enforcing it against her. The complaint also raised three state-law claims. As relief, the Smiths requested damages and a declaratory judgment.

The defendants removed the case to federal court and moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Smiths did not respond to the motions. The district court dismissed the federal claims for lack of standing; and it declined to exercise jurisdiction over the state-law claims, *see* 28 U.S.C. § 1367(c)(3). The court then issued an order denying the Smiths' motion to file an untimely response to the motions to dismiss. Although the order also stated that the claims had no merit, the defendants do not ask us to resolve the merits on appeal as an alternative ground for affirmance if we decide that Grace had standing.

## DISCUSSION

The jurisdiction of the federal courts is limited to cases and controversies. *See* U.S. Const. art. III., § 2. That limitation requires plaintiffs to have standing. *See Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1286 (10th Cir. 2024). "To establish standing, a plaintiff must show (1) [she] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is

fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks omitted).

The district court held that Grace lacked standing because she had not suffered an injury in fact. It reasoned that Grace's alleged injuries were (1) conjectural and hypothetical because the Board's mask mandate had expired and Grace was no longer a student at LHS and (2) "self-inflicted" because Grace voluntarily chose to trespass on school property, withdraw from LHS, and forego virtual education. Aplt. App. at 51.

We are not persuaded. When a government regulation "require[s] or forbid[s] some action by the plaintiff," she "almost invariably" states an injury in fact. *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 382 (2024). This proposition allows students to challenge school policies enforced against them. In *Uzuegbunam v. Preczewski*, the Supreme Court held that a student had standing to bring a First Amendment claim after he was threatened with discipline by a school official for speaking in a designated free-speech zone on the campus. *See* 141 S. Ct. 792, 797 (2021). In *Board of Education of Independent School District No. 92 of Pottawatomie County v. Earls*, the Supreme Court held that a student had standing to challenge a school policy requiring all students in extracurricular activities to submit to drug testing because the student was a member of several student groups. *See* 536 U.S. 822, 826 & n.1 (2002). In *School District of Abington Township, Pennsylvania v. Schempp*, the Supreme Court held that students had standing to challenge a requirement that schools start each day with Bible readings because the students attended the schools and were "directly affected" by

the requirement. 374 U.S. 203, 205, 224 n.9 (1963). And in *Taylor v. Roswell Independent School District*, we held that a student "clearly" had standing to challenge school-district policies restricting the distribution of non-school-related materials on campus after the school stopped the student from distributing fetus dolls to other students and threatened disciplinary action. 713 F.3d 25, 29 n.1, 31 (10th Cir. 2013).

Given this precedent, Grace has easily met the requirements for standing. She alleges that the defendants repeatedly punished her for opposing the mask mandate. They suspended her three times and requested that local law enforcement issue her two trespassing citations, arrest her, and take her to jail. These allegations state an injury in fact.

The defendants' counterarguments are unpersuasive. First, they argue that Grace lacks standing because her claims lack merit. They contend that (1) wearing, or not wearing, a mask "is not protected speech," Aplee. Br. at 23 (cleaned up); (2) even if wearing a mask is expressive conduct, it "would still be subject to regulation under First Amendment precedent," *id*. at 26; and (3) there was no due-process violation. These arguments put the "merits cart before the standing horse." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1093 (10th Cir. 2006) (en banc). "Standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Id.* at 1093 (internal quotation marks omitted); *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[J]urisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." (cleaned up)).  If it did, "every losing claim would be dismissed for want of standing." *Walker*, 450 F.3d at 1092. We therefore

assume a plaintiff's claims have "legal validity" when assessing standing and do not "open the door to merits considerations at the jurisdictional stage." *Id.* at 1093; *see also Day v. Bond*, 500 F.3d 1127, 1137 (10th Cir. 2007) ("[W]e assume, during the evaluation of the plaintiff's standing, that the plaintiff will prevail on his merits argument—that is, that the defendant has violated the law.").

Second, the defendants cite three district-court cases dismissing challenges to mask mandates for lack of standing. Each is distinguishable. *A.R. by & through Roberts v. Kansas School Board Association* dismissed a plaintiff's claims because she did not allege the mask mandate applied to her. *See* No. 21-2492-JWB, 2022 WL 103292, at *4 (D. Kan. Jan. 11, 2022). *Celauro v. Federal Express Ground* dismissed a plaintiff's claims because he failed to sue those responsible for the mask mandate. *See* 548 F. Supp. 3d 1034, 1041–42 (D. Colo. 2021). And *McKinley v. Grisham* dismissed a putative intervenor's request to join a lawsuit because he failed to show causation—how his alleged injuries could be traced to the defendant. *See* No. 20-01331-JHR/JFR 2021 WL 4290178, at *3–5 (D.N.M. Sept. 21, 2021). None of these deficiencies in standing appears here.

Finally, the defendants appear to adopt the district court's rationale that any injury to Grace was self-inflicted. They say that Grace chose to disobey the mask mandate, to remain on school grounds after being suspended, and to forego virtual education—all in favor of "public grandstanding." Aplee. Br. at 32. To the extent that the defendants are assuming that the mandate was lawful and should have been obeyed, they are addressing the merits of Grace's claims, which, as explained above,

is not relevant to her standing to bring the claims. And to the extent that the defendants are saying that the mandate, even if unconstitutional, did not cause her injuries because she could have avoided the injuries by obeying the mandate, they miss the mark. "[A]n injury resulting from the application or threatened application of an unlawful enactment remains fairly traceable to such application, even if the injury could be described in some sense as willingly incurred." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 297 (2022). Grace's injuries were "directly inflicted" by the defendants' enforcement of the mask mandate. *Id.* That Grace chose to subject herself to the mask mandate by attending school does not change the fact that she was subject to the mandate and faced genuine penalties for her failure to comply with it. *See id.*; *see also Fish v. Kobach*, 840 F.3d 710, 716 n.5, 754 (10th Cir. 2016) (rejecting as "border[ing] on the absurd" the argument that a plaintiff does not have standing to challenge an allegedly unlawful statute simply because the plaintiff "could have complied with the statute but elected not to"). In particular, we reject the defendants' contention that the mandate did not injure Grace because state law treats virtual instruction the same as in-person instruction. We beg to differ. It is one thing for state law to say that virtual instruction is *adequate* for compulsory-education purposes. But that is a far cry from saying it is *equivalent* to in-person instruction. *Cf. A.C. v. Metro Sch. Dist. of Martinsville*, 75 F.4th 760, 772 (7th Cir. 2023) (observing

Page **8**

that "remote schooling" is "not a true alternative" to the "opportunity to socialize with and learn alongside" classmates in person).[2]

## CONCLUSION

We **REVERSE** the district court's Order Granting Defendants' Motion to Dismiss and **REMAND** for further proceedings consistent with this opinion.

---

[2] Grace raises two additional issues. She argues that the district court abused its discretion in failing to allow her to file a response to Defendants' Motion to Dismiss and that the district court erred in issuing a later order with additional grounds for dismissal after it had already dismissed the suit for lack of subject-matter jurisdiction. Because we reverse on the denial of standing, we need not address these issues. On remand, the district court will have the opportunity to consider the issues remaining in the case.